### GREEN v. HERNZ et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

VENDOR AND PURCHASER—INCUMBRANCES—TAXES.

An executor contracted to convey the title to certain real estate, and the purchaser paid part of the price in cash and incurred expenses in an examination of the title. The property had been sold for unpaid taxes, and remained unredeemed from the sale, and the executor refused to redeem. *Held,* that the tax sale constituted an incumbrance on the property, on account of which the purchaser was entitled to recover back the purchase money paid and the expenses incurred.

Appeal from court of common pleas, special term.

Action by Adolf Green against John R. M. Hernz, as executor and trustee, and Horace Anderson, as trustee, of Ramon M. Hernandez, deceased, for damages for breach of contract for the sale of real estate. From a judgment in favor of plaintiff, entered on the decision of the court, defendants appeal. Affirmed.

The contract was made April 28, 1892, for the sale of the property by defendant, Hernz, to plaintiff for the consideration of $9,300, to be paid $300 cash upon the execution of the contract, and $6,000 by a bond and mort-

gage, and $3,000 cash at the time of the delivery of the deed, May 16, 1892. The contract provided that on receiving such payment and bond and mortgage the defendant should give the proper executor's deed. At the time the contract was executed the plaintiff paid $300 in cash. The plaintiff caused the title of the property to be examined, and necessarily expended for that purpose $250. The time for the payment of the $3,000 and delivery of the bond and mortgage and deed was extended by agreement of the parties until May 26, 1892. On this latter day the parties met, and the plaintiff objected to taking the title, upon the ground, among others, that there was a tax sale upon the property, which was unredeemed. There was not then or at any other time anything said by the defendant, or any offer made to him to redeem the property from the tax sale, but he told the plaintiff that if he wanted to get his rights he could sue for them, and that was all he could do. The plaintiff thereupon demanded the repayment of the $300 paid to him under the contract, and the $250 expenses of examining the title, which was refused. The plaintiff was at that time able to perform the contract on his part. Upon the trial it appeared that this property was sold in 1886 for the taxes of 1882, and upon that sale the city of New York became the purchaser, and that the property was not redeemed from such sale until February 16, 1893; this action having been commenced in August, 1892. Upon this evidence the court ordered judgment for the plaintiff for the $300 and the $250, on the ground that the defendant was not, May 26, 1892, the owner in fee of the property, free from all incumbrances, by reason of the unredeemed tax sale.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Ambrose G. Todd, for appellants.
Henry M. Goldfogle, for respondent.

WILLIAMS, J. There can be no doubt but that a sale of property for unpaid taxes which remains unredeemed would constitute an incumbrance on the property. It is claimed that there was no proof given on the trial of unpaid taxes and a sale of the property therefor. These facts were proved by parol without the production of any documentary evidence, but there was no objection of any kind made to the proof given. If there had been, the plaintiff might have met such objection by producing such documentary evidence. The defendant should not be permitted to claim now that these facts were not sufficiently established. Moreover, it appears that there was a redemption from this tax sale after the action was commenced, by the payment of the taxes and such other amount as was necessary to effect such redemption. There can be no doubt but that such unpaid taxes and sale of the property therefor constituted at least an incumbrance upon the property. The title offered to the plaintiff was, therefore, not free from incumbrance, and the plaintiff could not be required to pay the balance of the purchase money, and deliver his bond and mortgage, and accept the deed, until such incumbrance had been extinguished or removed. This incumbrance was distinctly pointed out at the time the contract was to be consummated, and the defendant, instead of removing the same, or offering to do so, practically refused to remove it by telling the plaintiff, if he wanted to get his rights, to sue for them; that was all he could do. Under these circumstances we are unable to see how the plaintiff could be required to do anything himself to remove the incumbrance. If any suggestion had been made by the defendant that the plaintiff should do this, and

should use a part of the purchase money remaining unpaid for that purpose, it might then be claimed that he was under obligations to do so, or to furnish money sufficient to make the redemption; but no such condition of things was presented, and the plaintiff could only decline to carry out the contract by reason of this incumbrance, or take the title subject to the incumbrance, pay the whole balance of the purchase price to the defendant, and remove the incumbrance at his own expense. He had, under these circumstances, a legal right to refuse to consummate the contract, and was entitled to sue for and recover back the part of the purchase money already paid, and the expense of examining the title.

Our conclusion, therefore, is that the case was properly decided by the trial court, and that the judgment shall be affirmed, with costs. All concur.